# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:14-cv-02013-WJM-KLM

C. VANCE HENDRICKSON, D.M.D.,

     Plaintiff,

vs.

THOMAS DOYLE,

     Defendant.

---

## STIPULATED PROTECTIVE ORDER

---

     The parties stipulate as follows:

1.    This action involves allegations by Plaintiff Vance Hendrickson, D.M.D. that the Defendant, Thomas Doyle,  was negligent,  and that such negligence caused the Plaintiff personal injuries, and consequent  economic and noneconomic damages.

2.    The Plaintiff, as is routine in such cases, anticipates producing and otherwise facilitating the providing to the Defendant's counsel  certain medical, business (e.g., related to his dental practice) tax and financial records.

*l*

3.     Such records are not available to the public and are considered and

treated by Plaintiff as confidential. Any document which Plaintiff wishes to

include within this agreement shall be labeled and otherwise marked "Subject to

protective order. *Hendrickson v. Doyle*, 14-0213 (D.Colo.)."

4.     Documents so marked are considered as a designation of

CONFIDENTIAL for purposes of this Stipulated Confidentiality Order.

5.     The Defendant agrees that medical, business and financial record that

come otherwise into the Defendant's or his counsel's  possession, e.g., by means

of a medical authorization signed by the Plaintiff, shall also be deemed as

CONFIDENTIAL for purposes of this Stipulated Confidentiality Order.

6.     In light of the allegations of this case, Plaintiff and Defendant agree that

these records may be relevant for discovery purposes. By producing these

guidelines in discovery neither Plaintiff nor Defendant takes any position on

their admissibility for other purposes, such admissibility to be determined at the

appropriate later time.

7.     A party may object to the designation of particular CONFIDENTIAL

information by giving written notice to the party designating the disputed

information. The written notice shall identify the information to which the

2

objection is made. If the parties cannot resolve the objection within ten (10)

business days after the time the notice is received, it shall be the obligation of the

party designating the information as CONFIDENTIAL to ~~file~~ *make* an appropriate

motion ^*pursuant to MJ Mix's discovery procedures* requesting that the court determine whether the disputed information

should be subject to the terms  shall be treated as CONFIDENTIAL under the            *KLM*

terms of this Protective Order until the Court rules on the motion. If the

designating party fails to ~~file~~ *make* such a motion within the prescribed time, the

disputed information shall lose its designation as CONFIDENTIAL and shall not

thereafter be treated as CONFIDENTIAL in accordance with this Protective

Order. In connection with a motion ~~filed~~ *made* under this provision, the party

designating the information as CONFIDENTIAL shall bear the burden of

establishing that good cause exists for the disputed information to be treated as

CONFIDENTIAL.

8.      Subject to the terms of Paragraph 7 hereof, Defendant and his counsel

agree that documents  subject to this agreement (e.g.,   medical records marked

"Subject to protective order. *Hendrickson v. Doyle*, 14-0213 (D.Colo.)", or like

documents that otherwise come into the possession of Defense counsel) will be

protected as follows:

3

(a) Such documents shall remain confidential and not be disclosed by Defendant or his agents (including his counsel) to any person not legitimately connected with this lawsuit unless as provided herein;

(b) The control and distribution of these documents shall be the responsibility of the Defendant's attorneys of record, who, if they provide these documents to experts or third persons, e.g., insurance adjusters, who are legitimately connected to this lawsuit), agree (i) to first disclose to Plaintiff's counsel the identity of such person, (ii), before providing such documents to any third person, obtain such third person's written agreement to not further distribute the documents to other persons, and to destroy the documents at the conclusion of the case, and provide a certificate of destruction which will be provided forthwith to the Plaintiff's counsel (iii) provide a copy of such written agreement to opposing counsel within one week of providing the documents to such their person;

(c) If either party wishes to use any document protected hereunder in connection with a pretrial motion, including a motion for summary judgment, the document shall be attached to the motion or other filing in an envelope marked confidential. Any such markings filed with the Court shall abide by the provisions of Local Rule 7.2. However, the parties acknowledge that the Court is

4

under an obligation to follow separate requirements and that filing a motion does not automatically guarantee Court approval to restrict public access. A party will be deemed to have met their obligations under this order if the proper procedures under Local Rule 7.2 have been followed, even if the Court denies the request; (d) If either party offers a document protected hereunder into evidence at trial, such document, if admitted, shall be, upon publication of same to the jury, and upon the jury's returning of the verdict, be placed into an envelope marked "confidential"; and (e) That upon conclusion of this litigation, any and all copies of these confidential documents shall be returned to counsel for Defendant, or shall be destroyed by plaintiff's counsel, who shall so certify to defendant's counsel. Counsel for Plaintiff agrees to retrieve and destroy all documents subject hereto from experts and other persons who are permitted hereunder to receive copies of confidential documents subject hereto, or to obtain a certificate of destruction from such third parties, and provide same to Defendant's counsel.

5. The parties agree that counsel for Plaintiff shall file the Motion for Entry of Stipulated Confidentiality Order, which has been provided in advance to Plaintiffs' counsel, who has approved the form of such motion.

BY THE COURT:

Dated: 10/2/14

United States Magistrate Judge


Approved as to Form:

10/1/14

James E. Gigax, counsel for Plaintiff


Billy-George Hertzke, counsel for Defendant