IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02013-WJM-KLM

C. VANCE HENDRICKSON, D.M.D.,

      Plaintiff,

v.

THOMAS DOYLE,

      Defendant.

_____

## ORDER

_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

This matter is before the Court on Plaintiff's **Motion to Amend Complaint to Add Claim for Exemplary Damages** [#23][1] (the "Motion"). The Motion is referred to the undersigned for disposition [#24].[2] Defendant filed a Response [#25] and Plaintiff filed a Reply in further support of the Motion [#26]. The Motion is now fully briefed and ripe for resolution. The Court has reviewed the Motion, the Response, the Reply, the entire docket, and the applicable law, and is sufficiently advised in the premises. For the reasons set

---

[1] "[#23]" is an example of the convention the Court uses to identify the docket number assigned to a specific paper by the Court's case management and electronic case filing system (CM/ECF). This convention is used throughout this Order.

[2] A magistrate judge may issue orders on nondispositive motions only. *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1461, 1462-63 (10th Cir. 1988). Whether motions to amend are dispositive is an unsettled issue. *Chavez v. Hatterman*, No. 06-cv-02525-WYD-MEH, 2009 WL 82496, at *1 (D. Colo. Jan. 13, 2009) (collecting cases). When an order on a motion to amend removes or precludes a defense or claim from the case it may be dispositive. *Cuenca v. Univ. of Kan.*, 205 F. Supp. 2d 1226, 1228 (D. Kan. 2002). In this case the Court grants Plaintiff's request to amend his First Amended Complaint to add a claim for punitive damages. Therefore, the Court assumes that the issue is not dispositive.

1

forth below, the Motion [#23] is **GRANTED**.

## I. Background

Plaintiff brings this action against Defendant relating to a skiing accident that occurred on January 10, 2014. *First Am. Compl.* [#8] ¶¶ 9, 20.   In the Motion, Plaintiff seeks leave to amend the First Amended Complaint [#8] to add a request for exemplary damages pursuant to Colo. Rev. Stat. § 13-21-102(1)(a).  *Motion* [#23] at 6.

In the Motion, Plaintiff argues that because Colo. Rev. Stat. § 13-21-102(1)(a) does not allow a request for exemplary damages to be included in an initial claim for relief and he has established prima facie proof in support of a claim for exemplary damages, the Motion should be granted pursuant to Fed. R. Civ. P. 15(a).  *Id.* at 2-3.

In his Response, Defendant agrees that exemplary damages can only be added through amendment after the exchange of initial disclosures, but maintains that Plaintiff has not established prima facie proof of a triable issue.  *Response* [#25] at 3.   Defendant maintains that Plaintiff must demonstrate that Defendant's conduct was willful and wanton, not simply negligent.  *Id.* at 3-4.   Defendant argues that "[P]laintiff must show, not only that the [D]efendant engaged in improper conduct, but that he did so with full awareness of the danger that his conduct posed, and with reckless disregard for the consequences [of] his actions."  *Id.* at 4 (citing *Tri-Aspen Const. Co. v. Johnson*, 714 P.2d 484, 486 (Colo. 1986)). Therefore, Defendant avers that the Motion should be denied because amendment is futile. *Id.* at 5-10.   In the alternative, Defendant argues that "even if Plaintiff has established prima facie proof of a triable issue as to the question of exemplary damages, the Motion . . . should still be denied because leave to amend would be futile given that the facts alleged

2

by Plaintiff are insufficient to satisfy the beyond a reasonable doubt standard that will be applied at trial." *Id.* 5, 10-11.

In his Reply, Plaintiff maintains that the facts he offers are sufficient to meet his burden of establishing prima facie proof of a triable issue. *Reply* [#26] at 2. Plaintiff further argues that this is a motion to amend, not a motion for summary judgment, and therefore, the evidence is viewed in the light most favorable to him. *Id.* Plaintiff revisits the deposition testimony he offered in support of the Motion and argues that this evidence is sufficient to meet Colo. Rev. Stat. § 13-21-102(2)(b)'s requirement that Defendant's conduct was, "willful and wanton conduct" which is defined to mean "conduct purposefully committed which the actor must have realized as dangerous, done heedlessly and recklessly, without regard to consequences, or of the rights and safety of others, particularly the plaintiff." *Id.* at 4-9.

## II. Analysis

As a preliminary matter, the pleading amendment deadline for Plaintiff to amend his complaint to assert a claim for punitive damages expired 30 days after the date of Plaintiff's deposition, *Sched. Order* [#21] § 9(a), which was taken on December 15, 2014. *Motion* [#23] at 3. Therefore, the deadline for Plaintiff to seek leave to amend his First Amended Complaint to add a punitive damages claim was January 14, 2015, the day the Motion was filed. As a result, the Motion is timely.

The Court next considers any arguments raised by the parties related to whether justice would be served by amendment. The Court should grant leave to amend "freely . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend need not be given, however, when the moving party unduly delayed, failed to amend despite ample opportunity

to do so, the nonmoving party would be unduly prejudiced, or amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962).

Defendant alleges that Plaintiff's proposed amendments are futile because Plaintiff "has failed to demonstrate that Defendant engaged in malicious or willful and wanton conduct." *Response* [#25] at 5. An amendment is futile only if it would not survive a motion to dismiss. *See Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson Cnty. Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999)). "In ascertaining whether plaintiff's proposed amended complaint is likely to survive a motion to dismiss, the court must construe the complaint in the light most favorable to plaintiff, and the allegations in the complaint must be accepted as true." *See Murray v. Sevier*, 156 F.R.D. 235, 238 (D. Kan. 1994). Moreover, "[a]ny ambiguities must be resolved in favor of plaintiff, giving him 'the benefit of every reasonable inference' drawn from the 'well-pleaded' facts and allegations in [their] complaint." *Id.*

Pursuant to Colo. Rev. Stat. § 13-21-102, inclusion of a claim for exemplary damages is prohibited in the initial pleading and only allowed after the plaintiff establishes prima facie proof of a triable issue. Colo. Rev. Stat. § 13-21-102(1.5)(a). Plaintiff argues that he has "prima facie support for an award of punitive damages in hand from discovery." *Motion* [#23] at 3. Plaintiff also attaches deposition transcripts and exhibits to the Motion to support his factual allegations. *See, e.g, Motion Exs. 1-10* [##23-1, 23-2, 23-3, 23-4, 23-5, 23-6, 23-7, 23-8, 23-9, 23-10]. As a result, he seeks to add paragraphs 41-43 which allege that Defendant's conduct was "willful and wanton" and "heedless and reckless and without regard to the consequences, or the rights and safety of others, particularly the Plaintiff." *Proposed Second Amended Complaint* [#23-11] ¶¶ 42-43. Plaintiff also seeks

4

to amend his prayer for relief to include "exemplary damages." *Compare First Am. Compl.*

[#8] at 8 *with Proposed Second Am. Compl.* [#23-11] at 8.

The Court will address Defendant's second argument first.  Defendant contends that

> even if Plaintiff has established prima facie proof of a triable issue as to the
> question of exemplary damages, the Motion . . . should still be denied
> because leave to amend would be futile given that the facts alleged by
> Plaintiff are insufficient to satisfy the beyond a reasonable doubt standard
> that will be applied at trial.

*Response* [#25] at 5.

To the extent that Defendant contends that at this stage in the litigation Plaintiff must

show that a jury could find for Plaintiff beyond a reasonable doubt, this argument is

rejected.  *Stanton v. Encompass Indem. Co.*, No. 12-cv-00801-PAB-KLM, 2013 WL

2010829, at *3 (D. Colo. May 14, 2013).  The appropriate test here is whether Plaintiff has

provided prima facie evidence of willful and wanton behavior, not whether the Court

believes that a jury could find beyond a reasonable doubt that exemplary damages are

warranted.  *See, e.g., Am. Econ. Ins. Co. v. William Schoolcraft*, No. 05-cv-01870-LTB-

BNB, 2007 WL 160951, at *4 (D. Colo. Jan. 17, 2007) (emphasizing that in resolving

request to amend pursuant to Colo. Rev. Stat. § 13-21-102, court should consider only the

"preliminary question" of whether moving parties made prima facie case, not whether any

party will ultimately be entitled to those damages).

Defendant also argues that the Motion should be denied because amendment would

be futile because Plaintiff "has failed to demonstrate that Defendant engaged in malicious

or willful and wanton conduct."  *Response* [#25] at 5.

Colo. Rev. Stat. § 13-21-102(1.5)(a) provides, in relevant part:

A claim for exemplary damages in an action governed by this section may

> not be included in any initial claim for relief.  A claim for exemplary damages
> in an action governed by this section may be allowed by amendment to the
> pleadings only after . . . the plaintiff establishes *prima facie* proof of a triable
> issue.

Colo. Rev. Stat. § 13-21-102(1.5)(a).  The statute contemplates that the discovery process

will provide the requisite prima facie evidence to support a claim for exemplary damages.

*See Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007).  Prima facie proof of a triable

issue of exemplary damages is established by "a showing of a reasonable likelihood that

the issue will ultimately be submitted to the jury for resolution."  *Id.*; *see also* Colo. Rev.

Stat. § 13-25-127(2) ("[e]xemplary damages against the party against whom the claim is

asserted shall only be awarded in a civil action when the party asserting the claim proves

beyond a reasonable doubt the commission of a wrong under the circumstances set forth

in section 13-21-102.").  Pursuant to Colo. Rev. Stat. § 13-21-102(1)(a), the circumstances

under which the wrongful act must have been committed include fraud, malice, or willful

and wanton conduct.  Colo. Rev. Stat. § 13-21-102(1)(a).

Colorado law defines "willful and wanton conduct" as "conduct purposefully

committed which the actor must have realized as dangerous, done heedlessly and

recklessly, without regard to consequences, or of the rights and safety of others."  Colo.

Rev. Stat. § 13-21-102(1)(b).  The Colorado Supreme Court has noted that "[w]here the

defendant is conscious of his conduct and the existing conditions and knew or should have

known that injury would result, the statutory requirements" are met.  *Coors v. Sec. Life of

Denver Ins. Co.*, 112 P.3d 59, 66 (Colo. 2005).  Moreover, at this stage of the litigation, the

Court is only concerned with whether the evidence, when viewed in the light most favorable

to Plaintiff, is sufficient to make out a prima facie case of willful and wanton behavior for the

purpose of allowing Plaintiff to amend his First Amended Complaint to include exemplary damages, not whether such evidence is sufficient to defeat a motion for summary judgment or to result in a jury verdict in Plaintiff's favor.   *See Am. Econ. Ins. Co. v. William Schoolcraft, M.D., P.C.*, Civil Case No. 05-cv-01870-LTB-BNB, 2007 WL 160951, at *2 (D. Colo. Jan. 17, 2007).

Accordingly, the Court must consider whether Plaintiff has offered evidence to establish a prima facie case that "[D]efendant [was] conscious of his conduct and the existing conditions and knew or should have known that injury would result," in order to determine whether Plaintiff may be allowed to include a claim for exemplary damages. *Coors*, 112 P.3d at 66.  Plaintiff argues that Defendant's conduct was willful and wanton because Defendant "'jump[ed] blind' into a public area where people were skiiing . . . ." *Motion* [#23] at 6.   In his Proposed Second Amended Complaint, Plaintiff alleges that Defendant injured Plaintiff when he executed a "'360' maneuver," running into Plaintiff "while [Defendant's] skis were both in the air."   *Proposed Second Am. Compl.* [#23-11] ¶ 21.  Relying on Defendant's deposition testimony and an affidavit submitted in support of the Response, Plaintiff argues that Defendant's position that he believed the area where he would land after his jump would be free of skiers based on his experience is proof that his conduct was reckless because he admits it was a "'blind zone' in which skiers cannot be easily seen from above."   *Reply* [#26] at 2.  Plaintiff relies on Defendant's deposition testimony and his affidavit to argue that he was aware of the risk of jumping into a "blind zone" without a spotter.   *Reply, Ex. 8* [#26-8] ("Doyle Deposition") at 65:2-3 ("I do believe that you should use a spotter if you don't see your landing, if you can't see your landing.");

*Response, Ex. 1* [#25-1] ("Doyle Affidavit") ¶ 10 ("As I went over the roller[3], I performed a 360 maneuver."), ¶ 16 ("In my experience, the area just below the roller is generally free of skiers because the area constitutes a 'blind zone' in which skiers cannot be easily seen from above.").

Plaintiff alleges that Defendant acted purposefully and willfully when he jumped over the roller and performed a "360 maneuver" even though he could not see if there was anyone below the roller. *Reply* [#26] at 2. As a result, Plaintiff seeks to add a request for exemplary damages through his Proposed Second Amended Complaint. *Proposed Second Am. Compl.* [#23-11] ¶ 42 ("The injury complained of is attended by circumstances of willful and wanton conduct."), ¶ 43 ("The Defendant's conduct was heedless and reckless and without regard to the consequences, or the rights and safety of others, particularly the Plaintiff, thereby justifying an award of exemplary damages."). Viewing the evidence in the light most favorable to Plaintiff, the Court finds that Defendant's alleged jump off of the roller when he could not see if there were any other skiers below the roller demonstrates a prima facie case of heedless or reckless disregard for the consequences to or rights of Plaintiff. *See Coors*, 112 P.3d at 66 ("Where the defendant is conscious of his conduct and the existing conditions and knew or should have known that injury would result, the statutory requirements of section 13-21-102 are met." (citations omitted)). Considering that this evidence must be viewed in the light most favorable to Plaintiff, and that leave to amend should be freely granted, the Court finds that the evidence provided by Plaintiff is sufficient to make out a prima facie case for willful and wanton behavior for the purposes

---

[3] Defendant explains that a "roller" is "a flat area that transitions into a steeper area." *Doyle Aff.* [#25-1] ¶ 5.

of amending Plaintiff's claims to seek exemplary damages.  *See Stamp v. Vail Corp.*, 172 P.3d 437, 449 (Colo. 2007) ("Conduct is willful and wanton if it is a dangerous course of action that is consciously chosen with knowledge of facts, which to a reasonable mind creates a strong probability that injury to others will result.") (citation and internal quotations omitted); *see also Rosania v. Group O, Inc.*, No. 13-cv-00398-MSK-BNB, 2014 WL 679884, at *3 (D. Colo. Feb. 20, 2014) (granting motion to amend); *Bituminous Cas. Corp. v. Hartford Cas. Ins. Co.*, No. 12-cv-00043-WYD-KLM, 2013 WL 6676157, at *4 (Dec. 18, 2013) (same); *Bunting v. Preferred Homecare*, No. 12-cv-03327-RM-KMT,  2013 WL 5486201, at *5 (D. Colo. Oct. 1, 2013) (granting motion to amend and explaining that "the court finds that the exhibits attached by Plaintiff to his Motion demonstrate to the court that, at the least, a factfinder should have the opportunity to decide whether Defendant's alleged conduct rises to the level of willful and wanton conduct.").  The Court emphasizes that this Order does not evaluate or address the merits of awarding exemplary damages in this case, but is limited to recognizing that the issue of exemplary damages may be properly included in the pleadings at this point.

Finally, the Court notes that prejudice to Defendant is the most important factor in considering whether Plaintiff should be permitted to amend his First Amended Complaint. *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1207 (10th Cir. 2006).  "Courts typically find prejudice only when the [proposed] amendment unfairly affects the [Defendant] in terms of preparing [his] defense to [claims asserted in the] amendment." *Id.* (quotation omitted). In this case, Defendant does not argue that he will be prejudiced if the Motion is granted. *See generally Response* [#25].  As a result, the Court finds that Defendant has not shown that allowing Plaintiff to file his Second Amended Complaint will unfairly impact his ability

9

to defend against the request for exemplary damages.

### III.  Conclusion

Based on the above, therefore, the Court permits Plaintiff leave to file the Proposed

Second Amended Complaint.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion [#23] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Court accepts Plaintiff's Second Amended

Complaint [#23-11] for filing as of the date of this Order.

Dated:  May 4, 2015                          BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge